UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>      Plaintiff, )<br>  v. )<br>)<br>)<br>MIDWEST RENEWABLE ENERGY, LLC )<br>)<br>      Defendant. )<br>_____) | CIVIL ACTION NO. 8:09CV337 |

**STIPULATION OF SETTLEMENT AND JUDGMENT**

1.  *WHEREAS* the United States of America, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), commenced this action by filing a Complaint for Civil Penalties and Injunctive Relief ("Complaint") on September 23, 2009, alleging violations by Midwest Renewable Energy, LLC ("MRE") under Section 113(b) of the Clean Air Act (the "Act"), 42 U.S.C. § 7413(b), including applicable New Source Performance Standards ("NSPS") under Section 111 of the Act and 40 C.F.R. Part 60, Subparts Dc, Kb, and VV, and Section 112(r) of the Act, and under Section 325(c) of the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 11025(c), arising out of operations at its ethanol dry mill in Sutherland, Nebraska between September, 2004 and July, 2009;

2.  *WHEREAS* EPA issued a Notice and Finding of Violation to MRE on June 8, 2007;

3.  *WHEREAS* MRE hereby certifies that it has remedied the alleged violations of its

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

Nebraska Department of Environmental Quality construction permit and of the Nebraska Air Quality Regulations, Title 129 Chapters 17 and 41, approved by EPA as part of the Nebraska State Implementation Plan pursuant to Section 110 of the Act;

4. *WHEREAS* MRE hereby certifies that it has remedied the alleged NSPS violations of the Standards of Performance for Volatile Organic Liquid Storage Vessels, for Equipment Leaks of Volatile Organic Compounds in the Synthetic Organic Chemicals Manufacturing Industry, and for Small Industrial Commercial-Industrial Steam Generating Units;

5. *WHEREAS* MRE hereby certifies that it has implemented an updated Risk Management Plan that has remedied MRE's previous alleged violations of the Chemical Accident Prevention Program Risk Management Plan requirements of Section 112(r) of the Act;

6. *WHEREAS* MRE hereby certifies that it has submitted toxic chemical release inventory forms ("TRI Reports") for its use of toxic chemicals listed under Section 313(c) of EPCRA that have remedied MRE's previous alleged TRI Reports violations.

7. *WHEREAS* MRE has presented information to the United States indicating that its financial ability to pay a civil penalty is limited;

8. *WHEREAS* the United States and MRE (the "Parties") agree that it is in the public interest to resolve this matter without litigation and have negotiated this Stipulation of Settlement and Judgment in good faith to avoid expensive and protracted litigation;

9. *NOW THEREFORE*, without adjudication or admission of any issue of fact or law, the Parties, by and through the undersigned, agree and stipulate as follows:

A. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

§§ 1331, 1345 and 1355; Section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b); and Section 313 of EPCRA, 42 U.S.C. § 11013. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b), because MRE is located and is, and at all times relevant to this lawsuit was, doing business in this District.

B. For the purposes of this Stipulation of Settlement and Judgment, or any action to enforce it, MRE consents to the Court's jurisdiction over this Stipulation of Settlement and Judgment and any such action over MRE and consents to venue in this judicial district.

C. For purposes of this Stipulation of Settlement and Judgment, MRE agrees that the Complaint states claims upon which relief may be granted pursuant to Section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b), and Section 325(c) of EPCRA, 42 U.S.C. § 11025(c).

D. The obligations of this Stipulation of Settlement and Judgment apply to and are binding upon the United States and upon MRE and its successors. Any change in MRE's ownership or corporate status shall not alter its obligations hereunder.

E. Within five business days of entry by the Court of this Stipulation of Settlement and Judgment, MRE shall pay to the United States via electronic funds transfer ("EFT") a civil penalty of $10,000, in accordance with instructions provided by the Financial Litigation Unit of the Office of the United States Attorney for the District of Nebraska. The EFT documents shall refer to U.S.A.O. file number 2009V00222 and DOJ case number 90-5-2-1-09275. Payments by EFT must be received at the Department of Justice lockbox bank by 4:00 P.M. (Eastern Time) to be credited on that day. Copies of the payment and transmittal documents shall be mailed to:

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

> Chief, Environmental Enforcement Section
> Environmental Enforcement Section
> Environment & Natural Resources Division
> United States Department of Justice
> P.O. Box 7611 Ben Franklin Station
> Washington, D.C. 20044-7611
>
> and
>
> Julie L. Murray
> Assistant Regional Counsel
> U.S. EPA Region 7
> 901 N. 5th Street
> Kansas City, KS 66101

F. In the event that MRE does not comply with the payment obligations of Paragraph E above, MRE shall pay a stipulated penalty to the United States in the amount of five hundred dollars ($500) per day for each day that the civil penalty remains unpaid. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph E above for payment of the civil penalty. Further, interest shall accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. If payment specified in Paragraph E is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation of Settlement and Judgment and reinstate this action.

G. Within ten business days of receipt of all amounts due under this Stipulation of Settlement and Judgment, the United States shall file a notice with the Court that full payment has been made.

H. MRE's payment of the civil penalty identified in Paragraph E above and any

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

stipulated penalties and interest required by Paragraph F above shall constitute a complete settlement and shall be in full satisfaction of the United States' claims regarding the violations of the Clean Air Act and EPCRA alleged in the Complaint through the date of lodging. This Stipulation of Settlement and Judgment is limited to the civil claims under the Clean Air Act and EPCRA that are expressly alleged in the Complaint. This Stipulation of Settlement and Judgment is not intended to, nor shall it be construed to, operate in any way to resolve any civil claims other than those expressly alleged in the Complaint or any criminal liability of MRE.

I. Nothing in this Stipulation of Settlement and Judgment shall be construed to release MRE or its agents, successors, or assigns from their respective obligations to comply with any applicable Federal, State, or local law, regulation, or permit. Nothing contained herein shall be construed to prevent or limit the United States' rights to obtain penalties or injunctive relief under the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, and EPCRA, 42 U.S.C. § 11001 *et seq.*, or any other law for other alleged violations.

J. Civil penalties and any stipulated penalties paid pursuant to this Stipulation of Settlement and Judgment are not deductible by MRE or any other person for federal, state, or local tax purposes.

K. This Stipulation of Settlement and Judgment shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment pursuant to 28 C.F.R. § 50.7 and 42 U.S.C. § 7413(g). The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation of Settlement and Judgment disclose facts or considerations indicating that the Stipulation of Settlement and Judgment is inappropriate, improper, or inadequate. MRE consents to the entry of this Stipulation of Settlement and

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

Judgment without further notice and agrees not to withdraw from or oppose its entry by the Court or to challenge any provision herein, unless the United States has notified MRE in writing that it no longer supports entry of this Stipulation of Settlement and Judgment.

L. The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation of Settlement and Judgment through the date that payment is made in accordance with the provisions herein.

M. This Stipulation of Settlement and Judgment shall be considered an enforceable judgment solely for purposes of post-judgment collection of any unpaid civil and/or stipulated penalties and interest referred to in Paragraphs E and F above, in accordance with Rule 69 of the Federal Rules of Civil Procedure; the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3008; and any other applicable statutory authority without further order of this Court. In the event all or any portion of the civil penalty amount referred to in Paragraph E above is not paid in accordance with the provisions of this Stipulation of Settlement and Judgment, MRE shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts due thereunder.

N. Nothing in this Stipulation of Settlement and Judgment creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation of Settlement and Judgment of Settlement.

O. Except as to those civil claims expressly alleged in the Complaint and resolved in this Stipulation of Settlement and Judgment, in any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties or other appropriate relief relating to the MRE Sutherland, Nebraska plant, Defendant shall not assert, and may not

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

P. The undersigned representatives of MRE, the Acting Assistant Attorney General of the Environment and Natural Resources Division, and the Regional Counsel of EPA certify that each is fully authorized to enter into the terms and conditions of this Stipulation of Settlement and Judgment and to bind legally the party he or she represents to this document.

Q. MRE hereby agrees to accept service of the complaint in this matter from the United States by first class mail directed to Craig A. Slater, Esq., Harter Secrest & Emery, Twelve Fountain Plaza, Suite 400, Buffalo, New York, 14202 (or by hand delivery of the Complaint to his/her office) and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons with the Complaint.

R. MRE consents to the entry of this Stipulation of Settlement and Judgment without further notice.

S. Except as set forth in Paragraph M of this Stipulation of Settlement and Judgment, each party shall bear its own costs and attorneys' fees in this action.

T. There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation of Settlement and Judgment.

U. This Stipulation of Settlement and Judgment may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

such counterparts shall together constitute but one and the same instrument.

**AS STIPULATED AND AGREED TO BY THE PARTIES, IT IS SO ORDERED AND ADJUGED THIS** 28 **DAY OF** December **, 2009.**

*[signature]*
United States District Judge

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

**FOR THE UNITED STATES:**

DATED: 9/21/09

ELLEN M. MAHAN
Deputy Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C. 20044-7611

DATED: 9/15/09

SARA COLANGELO WYCHE
ERIC D. ALBERT
Trial Attorneys
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
(202) 514-3394
sara.wyche@usdoj.gov
Member of the Maryland Bar

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

DATED: 9/17/09                     *Martha Cuppy*
                                   for William W. Rice
                                   Acting Regional Administrator
                                   U.S. Environmental Protection Agency
                                   Region 7
                                   901 N. 5th Street
                                   Kansas City, Kansas 66101


DATED: 9/11/09                     *David Cozad*
                                   David Cozad
                                   Regional Counsel
                                   U.S. Environmental Protection Agency
                                   Region 7
                                   901 N. 5th Street
                                   Kansas City, Kansas 66101

-11-

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

                        Joe W. Stecher
                        United States Attorney
                        District of Nebraska

DATED: <u>September 23, 2009</u>      By:    <u>s/ LAURIE KELLY</u>
                                                LAURIE KELLY, Mass. Bar No. 557575
                                                Assistant United States Attorney
                                                District of Nebraska
                                                1620 Dodge Street, Suite 1400
                                                Omaha, NE  68102-1506
                                                Telephone: 402-661-3700
                                                Fax: 402-661-3081
                                                laurie.kelly@usdoj.gov

*U.S. v. Midwest Renewable Energy, LLC* - Stipulation of Settlement and Judgment

## FOR MIDWEST RENEWABLE ENERGY, LLC

DATED: 8/6/09

James G. Jandrain, Chairman